UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**WISCONSIN SHEET METAL WORKERS HEALTH
AND BENEFIT FUND, MILWAUKEE AREA SHEET
METAL JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND, and PATRICK LANDGRAF**
(in his capacity as Trustee),

                         **Plaintiffs,**

v.                                           **Case No. 17-CV-1339**

**MEP MECHANICAL SERVICES, LLC,**

                         **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant MEP Mechanical Services, LLC (hereinafter "MEP Mechanical") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan

Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant's principal place of business is located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund, and Sheet Metal Workers 401-K Fund, are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said plans. Said plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Patrick Landgraf is a trustee and fiduciary of the Wisconsin Sheet Metal Workers Health and Benefit Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Landgraf maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. MEP Mechanical is a Wisconsin corporation, engaged in business, with principal offices located at 12125 West Silver Spring Drive, Milwaukee, Wisconsin 53225. Its registered agent for service of process is Daniel E. Pangborn, 12125 West Silver Spring Drive, Milwaukee, Wisconsin 53225.

-2-

Case 2:17-cv-01339-WED   Filed 09/29/17   Page 2 of 8   Document 1

## Facts

6. MEP Mechanical is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)).

7. For all times relevant, MEP Mechanical was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Sheet Metal Workers' Local #18 (hereinafter the "Union").

8. The Labor Agreements described herein contain provisions whereby MEP Mechanical agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, MEP Mechanical adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, MEP Mechanical has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

11. MEP Mechanical has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of MEP Mechanical's covered employees; and

-4-

  b.  failing to accurately report employee work status to the Plaintiffs.

 12. ERISA § 502(g) (2), as amended by the MPPAA provides:

  (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of --

   (i) interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

 13. ERISA § 515 provides:

  Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

 14. Despite demands that MEP Mechanical perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed,

-5-

Case 2:17-cv-01339-WED   Filed 09/29/17   Page 5 of 8   Document 1

neglected, omitted, and refused to make those payments.  MEP Mechanical is now indebted to the Plaintiffs as follows:

Audit Period Jue 1, 2012 through November 30, 2014:

| | |
|---|---:|
| Wisconsin Sheet Metal 18 Health Fund | $ 789.46 |
| Wisconsin Sheet Metal 18 Local Training/Apprenticeship Fund | 61.82 |

Audited Period December 1, 2014 through September 30, 2016:

| | |
|---|---:|
| Wisconsin Sheet Metal 18 Health Fund | $ 826.06 |
| Wisconsin Sheet Metal 18 401-K Fund | 52.88 |
| Wisconsin Sheet Metal 18 Apprenticeship Fund | 62.88 |

Unaudited Period October 1, 2016 to the present:

| | |
|---|---:|
| Wisconsin Sheet Metal 18 Health Fund | Unknown |
| Wisconsin Sheet Metal 18 Local Training/Apprenticeship Fund | Unknown |
| Wisconsin Sheet Metal 18 401-K Fund | Unknown |
| Wisconsin Sheet Metal 18 Apprenticeship Fund | Unknown |

## Claim One - Against Defendant MEP Mechanical SERVICES, LLC
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

15. As and for a first claim for relief against MEP Mechanical, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16. For purposes of this claim (Claim One), the Wisconsin Sheet Metal Workers Health and Benefit Fund, Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund, and Wisconsin Sheet Metal 18 401-K Fund are hereinafter referred to as the "Funds."

17. Due demand has been made by the Funds upon MEP Mechanical for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Funds are informed and believe, MEP Mechanical has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

19. Because MEP Mechanical has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against MEP Mechanical:

   A. For $851.28, representing contributions, interest, and liquidated damages owed the Funds for the audit period June 1, 2012, through November 30, 2014;

   B. For $941.82, representing contributions, interest, and liquidated damages owed the Funds for the audit period December 1, 2014, through December 21, 2016;

   C. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 29th day of September, 2017.

                                s/Christopher J. Ahrens
                                Christopher J. Ahrens (SBN: 1043237)
                                Attorney for Plaintiffs
                                THE PREVIANT LAW FIRM, S.C.
                                310 W. Wisconsin Avenue, Suite 100MW
                                Milwaukee, WI 53203
                                414-271-4500 (Telephone)
                                414-271-6308 (Fax)
                                Email: cja@previant.com